## FRANK R. HATFIELD v. FRANZ E. HOLQUIST.[1]

March 28, 1918.

No. 20,799.

**Broker.**

Action by real estate broker to recover a commission for selling defendant's farm. Plaintiff wrote defendant he would charge 5 per cent. Defendant replied by letter he thought the commission a little too high, as plaintiff would receive a commission from the other party. Plaintiff wrote in reply that he received no commission from the other party and insisted on the 5 per cent. Defendant denied that he received plaintiff's second letter. *Held:* The trial court was justified in finding that defendant received the second letter and the evidence therefore shows an express contract fixing the commission at 5 per cent. [Reporter.]

Action in the municipal court of Minneapolis to recover $375, the agreed price for services rendered defendant in the sale and exchange of property. The answer denied the allegations of the complaint, alleged that the services rendered were of no greater value than $100, and tendered judgment for that amount. The case was tried before Bardwell, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony denied defendant's motion for judgment for $100 in favor of plaintiff, made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for amended findings and conclusions or for a new trial, defendant appealed. Affirmed.

*Rieke & Hamrum,* for appellant.

*Edwin S. Slater,* for respondent.

[1]Reported in 166 N. W. 1068.

PER CURIAM.

The only question in this case is whether the evidence justified the trial court in finding an express contract fixing the compensation of plaintiff, a real estate broker, for services rendered in effecting a sale or exchange of defendant's farm. At the initiation of the relations between the parties plaintiff by letter informed defendant that he would charge for his services a commission of 5 per cent. Defendant by letter stated that he thought the commission a little too high, as he supposed plaintiff would receive a commission also from the other party. Plaintiff in reply to this stated that he received no commission from the other party, and insisted on the 5 per cent. Defendant denied receiving that letter, but it appears regular on its face, was in reply to the one written by defendant, and we are of opinion that the trial court was justified in finding that he was mistaken, and that he in fact received the letter. The transaction was closed some time after the letter was received. The evidence therefore shows an express contract fixing the commission at 5 per cent.

Order affirmed.